UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| Granger | Civil Action 2:08-0036 |
| versus | Judge Tucker L. Melançon |
| Standard Fire Insurance Co. | Magistrate Judge C. Michael Hill |

**MEMORANDUM RULING**

Before the Court is plaintiff, Frank Granger's, Motion to Remand Proceedings to State Court [Rec. Doc. 9], Standard Fire Insurance Company's ("Standard Fire") opposition memorandum thereto, *R. 14*, and plaintiff's reply memorandum, *R. 15*.

Plaintiff filed this action in state court on September 24, 2007, alleging that Standard Fire issued a homeowner's policy on or about July 8, 2005 covering his home for property damage, including damage sustained as a result of wind, flood, fire, storms, and/or hurricanes. *R.1, ¶ 3*. Plaintiff alleges he made a claim in accordance with his insurance policy for structural damages and other damages to his residence caused by Hurricane Rita on or about September 24, 2005. *Id. at ¶¶ 5&6*. Plaintiff further alleges that defendant provided estimates and tenders for the loss, but refused to adequately evaluate the extent of the damage to his premises and the amount tendered was insufficient to pay for damage related to the covered loss. *R. 1, ¶ 8*.

Standard Fire removed this action from the Fourteenth Judicial District for the Parish of Calcasieu, State of Louisiana on January 9, 2008 under 28 U.S.C. § 1332

(a). *R. 1*. "A party may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction." *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir.2002); *see* 28 U.S.C. § 1441(a). "The removing party bears the burden of showing that federal jurisdiction exists." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir.1995).

In its Notice of Removal, *R. 1*, Standard Fire asserts federal jurisdiction on the basis of diversity jurisdiction, which requires complete diversity of citizenship and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a). Plaintiff concedes diversity of the parties; he disputes defendant's contention that the amount in controversy requirement is met. Specifically, plaintiff points to his Louisiana state court petition, in which he indicated that his damages "do not exceed Fifty Thousand and No/100ths ($50,000.00) Dollars and therefore, the amount of loss does not entitle either party to a trial by jury." *R. 1, ¶12.*[1]

Defendants bear the burden of showing, by a preponderance of the evidence, that the amount in controversy actually exceeds $75,000. *See Manguno*, 276 F.3d at 723 (citing *De Aguilar*, 47 F.3d at 1412). Should the defendants fail to meet this burden, the motion to remand must be granted. *Id*. To meet the burden, "the defendant [must] do more [than] point to a state law that might allow the plaintiff to

---

[1] Louisiana law generally prohibits a plaintiff from alleging or demanding a specific dollar amount of damages. La.Code Civ. Proc. Ann. art. 893(A)(1). However, Article 893 allows plaintiffs to indicate when their damages will be less than the amount required for federal jurisdiction.

recover more than what is pled. The defendant must produce evidence" showing the amount in controversy actually exceeds $75,000. *Id.* This burden can also be satisfied if it is "facially apparent" that the damages exceed $75,000. *See id.* If the defendant meets its burden in either of these ways, the plaintiff may still defeat removal if he or she shows that it is legally certain that his or her recovery will be less than $75,000. *See De Aguilar*, 47 F.3d at 1411-12. To satisfy this standard, absent a statute limiting recovery, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar*, 47 F.3d at 1412 (emphasis added).[2]

In urging that the amount in controversy exceeds $75,000, as required by § 1332, Standard Fire relies on: (1) plaintiff's claims for "structural damages to Plaintiff's property, along with loss of trees, reimbursement for tree removal, roof replacement, wood damages and 'all ... damages and expenses resulting form hurricane damage;'" (2) the fact that its policy limits total $399,100; and, (3) plaintiff's claims for penalties and interest. *R. 14.* Standard Fire is correct that claims for penalties authorized by statute are to be considered by the Court in determining the amount of controversy. *See, e.g., Manguno*, 276 F.3d at 723-24.

Plaintiff's claims for penalties rest on his assertion that Standard Fire "is liable

---

[2] In this case, plaintiff did not attach a binding stipulation or affidavit with his state court petition renouncing any damage award over $75,000. Nor did plaintiff contest removal with a sworn affidavit indicating that the requisite amount in controversy is not present. *See Daigle v. State Farm Ins. Co.*, 2007 WL 119460 (E.D.La.,2007)( Barbier, J.) (Plaintiff stated in her state court petition that her damages did not exceed $50,000. After removal, plaintiff filed a stipulation averring that "the maximum damages sought for general damages, special damages, penalties and/or attorneys fees, exclusive of interest an [sic] costs of court" is $75,000).

unto him for penalties and interest for the non-payment of these covered losses." *R.1,¶ 8.* Plaintiff's state court petition does not cite a statute under which he bases his claim for penalties. Such assertions implicate the statutory remedies provided by La. R.S. 22:1220 and La. R.S. 22:658[3]; therefore, the relief provided by these statutes is to be considered in calculating the amount in controversy. Plaintiff and defendant contend that such penalties may be up to 50% of any awarded damages, the amount of penalties provided under La. R.S. 22:658. La. R.S. 22:1220 also provides that statutory penalties may be assessed against the insurer in the amount of twice the

---

[3]LSA-R.S. 22:658 provides in pertinent part:
A. (1) All insurers issuing any type of contract ... shall pay the amount of any claim due any insured within thirty days after receipt of satisfactory proofs of loss from the insured. . . .
. . . .
B. (1) Failure to make such payment within thirty days after receipt of such satisfactory written proofs and demand therefor ... when such failure is found to be arbitrary, capricious, or without probable cause, shall subject the insurer to a penalty, in addition to the amount of the loss, of fifty percent damages on the amount found to be due from the insurer to the insured, or one thousand dollars, whichever is greater, payable to the insured ... or in the event a partial payment or tender has been made, fifty percent of the difference between the amount paid or tendered and the amount found to be due as well as reasonable attorney fees and costs.

LSA-R.S. 22:1220 provides in pertinent part:
A. An insurer ... owes to his insured a duty of good faith and fair dealing. The insurer has an affirmative duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims with the insured or the claimant, or both. Any insurer who breaches these duties shall be liable for any damages sustained as a result of the breach. . . .
. . . .
C. In addition to any general or special damages to which a claimant is entitled for breach of the imposed duty, the claimant may be awarded penalties assessed against the insurer in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater.

damages caused by the breach of duty. A plaintiff cannot recover penalties under both La. R.S. 22:1220 and La. R.S. 22:658 for the same conduct. Rather, the higher penalty supersedes the lower penalty. *See, e.g.*, *Calogero v. Safeway Ins. Co.*, 753 So.2d 170, 174 (La.2000); *see also Carpenter v. State Farm Ins. Co.*, 2007 WL 4124549, *1 (E.D.La.) (Fallon, J.).

Moreover, while plaintiff argues that 50% of his damages, or $50,000 plus $25,000, would not exceed $75,000, that amount applies only to the penalty provision of La. R.S. 22:658. Defendant's alleged actions also implicate an award of attorneys' fees under 22:658. Based on the facts alleged by plaintiff in his state court petition, including his concession that he may be awarded at least $75,000 in damages and penalties alone, exclusive of attorneys' fees, the Court must deny plaintiff's motion to remand.